## PATTERSON v INDUST. COMM.

Ohio Appeals, 1st Dist, Hamilton Co

No 5881. Decided Dec 23, 1940

Shook, Davies, Hoover & Beall, Cincinnati, for appellee.

Edward A. Schott, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

There are in this file what purports to be two bills of exceptions, one of which was presented to, but not signed by the trial judge, and the other was filed, but neither presented to, nor signed by, the trial judge.

As the sole question raised on this appeal relates to the jurisdiction of the Common Pleas Court to entertain the appeal from The Industrial Commission, the confusion resulting from this situation is not such as to prevent a decision upon this issue. It is admitted that the plaintiff accidentally suffered some physical injury in the course of and arising out of her employment, for which she received an award, and, it is also conceded that the evidence is conflicting as to whether she suffered further disability for which she received no award. The verdict of the jury in favor of █ the plaintiff was necessarily predicated upon a finding that she had sustained this disability as a result of the accidental injury as alleged by her, and the court would not be justified in disturbing this finding.

In passing upon the jurisdictional question presented to this court, we have resorted to the pleadings to obtain the data.

The Industrial Commission denied the application for compensation on the first hearing upon the ground that the claimant's disability was not the result of an injury sustained in the course of her employment.

In due time, the claimant filed an application for a rehearing, upon which the Commission made a finding that the claimant had sustained an injury entitling her to compensation and awarded her a small sum based on the external injuries. There apparently was no direct finding as to the claimed internal injuries, and to secure a finding thereon the claimant filed an application for modification which was heard on July 1st, 1937, when the Commission made a finding "that claimant's disability subsequent to March 4th, 1935 is not the result of injury contemplated by this claim", and "ordered that application for modification of award filed April 2, 1937 be dismissed."

According to the findings of the Commission, the external injuries had been cured by March 4th, 1935, and, that while there might be disability after that date, it did not result from the injury.

This appeal from the Commission to the Common Pleas Court was taken from the order of July 1st, 1937, and the jurisdiction of that court to hear the appeal was challenged there and is challenged here.

We are of the opinion that the original finding and order on the application for a rehearing, and ██ █ the finding and order on the so-called application for modification should be considered as a single disposition of the application for a rehearing. The application for modification did no more than call to the attention of the Commission that it had not decided all the issues raised by the application for a rehearing and requested that it do so, and, in response thereto, the order of July 1st was made.

We have then before us a case in which the Industrial Commission assumed jurisdiction of the disability resulting from the external injuries, and refused to inquire into the disability resulting from internal conditions, because it was not the result of injuries contemplated by the claim. Now is that an exercise of jurisdiction or a refusal to exercise jurisdiction?

In so far as the Commission inquired into the disability resulting from the external injuries, it undoubtedly exercised its jurisdiction. But it refused to inquire into the extent of the disability resulting from the internal injuries. Does the fact that it assumed jurisdiction and inquired into the extent of the disability resulting from the external injuries preclude judicial review, notwithstanding it either refused originally to assume or later re-

nounced jurisdiction to inquire into the extent of the disability resulting from the internal injuries? In passing upon this question, we are not controlled by the assertion of the Commission that it had jurisdiction, but rather by the substance of what it did.

Looking at the record, we find that the Commission concluded that whatever the cause of the claimant's disability subsequent to March 4th, 1935, that cause was not an injury suffered in the course of and arising out of her employment. There was no inquiry into the extent of such disability.

In **Schrader v Cincinnati & Suburban Bell Telephone Co., 56 Oh Ap 501,** and Mummert v Id., Id. 511, this Court reviewed the decisions of the Supreme Court on this subject and reached the conclusion, as stated in the first paragraph of the syllabus to the latter case, that:

"Where the Industrial Commission's order denying compensation is based on the cause of the claimant's injury, as distinguished from the extent of the injury, a question of the jurisdiction of the commission is involved and the case is appealable to the Common Pleas Court under §1465-90 GC."

As we understand it, this, in substance, is the same rule stated in different language in the third paragraph of the syllabus in **Humphries v Wheeling Steel Corp., 132 Oh St 263.**

Section 1465-90 GC, was amended in 1937. The amendment became effective two days after the hearing before the Industrial Commission, at which the order appealed from was made. Prior to the amendment, the section authorized an appeal in general language whenever the right to participate or continue to participate was denied on a jurisdictional ground. By the amendment the legislature required the Commission to state the specific ground upon which the denial was based, and when such denial was on one or more of the grounds stated in the amended

section a right of appeal was granted. One of these grounds of appeal was the denial of compensation because "the claimant's disability is not the result of the injury". That amendment has placed in statutory form the rule theretofore announced by the courts.

As this proceeding was pending on the effective date of this amendment and the amendment was not expressly made applicable to pending proceedings, its application is excluded by §26 GC. It does, however, strengthen us in our conclusion that the order was one from which an appeal was authorized, and that the Court of Common Pleas had jurisdiction.

For these reasons, the judgment is affirmed.

HAMILTON, PJ. & ROSS, J., concur.